IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2011 OCT 25 PM 12: 14

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| KENNETH DIRK MADSEN, § | |
| Reg. No. 10708-023, § | |
|    Plaintiff, § | |
| § | |
| v. § | EP-10-CV-440-DB |
| § | |
| BRENDEN FARLEY, Coordinator of § | |
| Vocational Training, and ALEJANDRA § | |
| GONZALEZ, Instructor, El Paso § | |
| Community College, § | |
|    Defendant. § | |

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Kenneth Dirk Madsen ("Madsen"), a federal prisoner at the La Tuna Federal Correctional Institution ("La Tuna") in Anthony, Texas,[1] proceeding *pro se* and *in forma pauperis*, has brought a civil rights complaint [ECF No. 4] under *Bivens*.[2] In his complaint, Madsen alleges Defendant Brenden Farley ("Farley"), a vocational and occupational training program coordinator, and Defendant Alejandra Gonzalez ("Gonzalez"), an El Paso Community College instructor at La Tuna, violated his due process rights when they expelled him from a computer course. In his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 22], Farley asserts a prisoner "has no constitutional right to educational or

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2011).

[2] *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (established that the Constitution, in some circumstances, may support private causes of action against federal officials for constitutional torts).

rehabilitative programs."³ Accordingly, Farley argues Madsen "cannot have suffered a violation of a constitutional right when he was removed from the prison educational course."⁴ In her motion to dismiss [ECF No. 27], Gonzalez similarly argues "[r]emoving Madsen from a college course taught at La Tuna implicated no federally protected right. No redress is authorized."⁵

The United States Magistrate Judge to whom the Court referred this matter has prepared a report and recommendation [ECF No.28].⁶ In his report, the Magistrate Judge first notes "[a] claim for relief under *Bivens* must allege a constitutional violation."⁷ The Magistrate Judge then agrees with the defendants that "Madsen . . . does not have any protected liberty interest in the prison's vocational or educational programs. . . .Accordingly, his due process claim fails to allege a basis for relief under *Bivens*."⁸ The Magistrate Judge recommends, therefore, that the Court grant Farley and Gonzalez's motions to dismiss.⁹

The Magistrate Judge gave Madsen fourteen days to file written objections to his proposed findings, conclusions, and recommendations.¹⁰ A party who files timely written

---

³ Def. Farley's Mot. to Dismiss 3 (citing *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995)).

⁴ *Id.*

⁵ Def. Gonzalez's Mot. to Dismiss 3 (also citing *Bulger*).

⁶ *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

⁷ Report & Recommendation 5 (citing *Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982)).

⁸ *Id.* at 6–7.

⁹ *Id.* at 8.

¹⁰ *Id.*; *see* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided

objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[11] As to other portions of the report, or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[12] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[13] To date, Madsen has not responded to the report.[14]

Accordingly, after reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[15] Therefore, the Court enters the following orders:

1. The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 28].

---

by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[11] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[12] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[13] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[14] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[15] *Wilson*, 864 F.2d at 1221.

2. The Court **GRANTS** Defendant Brenden Farley's motion to dismiss [ECF No. 22] and Defendant Alejandra Gonzalez's motion to dismiss [ECF No. 27].

3. The Court **DISMISSES WITH PREJUDICE** Plaintiff Kenneth Dirk Madsen's civil rights complaint [ECF No. 4] for failure to state a claim upon which relief may be granted.[16]

4. The Court **DENIES** all pending motions as moot.

5. The Court **ADVISES** Plaintiff Kenneth Dirk Madsen that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915.[17] The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702. *Should Madsen accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[18]

**SO ORDERED.**

SIGNED on this 25th day of October 2011.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[16] FED. R. CIV. P. 12(b)(6).

[17] *See* 28 U.S.C. § 1915(g) (2011) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

[18] *See id.*